490          GABLE *v.* PATTERSON.

Statement of Facts—Opinion of the Court.     [12 Pa. Superior Ct.

Charles E. Gable *v.* E. M. Patterson, Treasurer and James A. Gilmore, Clerk of Court of Quarter Sessions, Appellants.

Argued May 9, 1899. Appeal, No. 8, April T., 1899, by defendants, from order of C. P. Mercer Co., April T., 1898, No. 20, directing repayment to plaintiff of the sum of $200 paid as excessive license fees. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by W. D. PORTER, J.

Petition for writ of mandamus. Before MILLER, P. J.

It appears from the record that this case was argued with the preceding case of Davis v. Patterson, ante, p. 479, and that the facts were substantially the same, excepting that the court below made the following order:

[And now, April 8, 1898, it being admitted in the argument of this case that the said Charles E. Gable has paid to Ellis M. Patterson, treasurer of Mercer county, the sum of $402.75 to obtain the license granted as set forth in his petition for a mandamus, the said Ellis M. Patterson is hereby ordered and directed to repay to the said Charles E. Gable the sum of $200, less the reasonable costs of this proceeding.] [1]

Defendant appealed.

*Error assigned* among others was in directing the repayment of $200 by the county treasurer to the plaintiff, Gable, in the final order made, reciting said order.

*James D. Emery* and *Q. A. Gordon*, with them *H. H. Zeigler*, for appellants.

*W. H. Cochran*, with him *Chas. N. McClure* and *A. W. Williams*, for appellee.

OPINION BY W. D. PORTER, J., February 16, 1900:

All the questions presented by this record have been considered in the case of Davis v. Patterson, ante, p. 479, in which an opinion has this day been filed.

490, (1900).]                    . Opinion of the Court.

In the present case the judgment entered by the learned court below was diametrically opposed to that in the case of Davis v. Patterson et al., which we have just affirmed.   It necessarily follows that we must in this appeal sustain the assignments of error.

Judgment reversed.